UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN IBANEZ for himself and as administrator of the Estate of Candido Khouri, deceased.<br><br>Plaintiff<br><br>-against-<br><br>CITY OF NEW YORK;<br>NYPD OFFICERS AMANDA BLATT, Shield 02079; NADINE NOA, Shield 18583; ROBERT MARSHALL, Shield 18583,<br><br>Defendants | Index No. 13 cv 5512 (RMB)(MHD)<br><br>A jury trial is demanded<br><br>**AMENDED COMPLAINT** |

Plaintiff Steven Ibanez, by his attorneys, the Law Office of Ronald L. Kuby, hereby brings this action under 42 U.S.C. §1983 to redress the constitutional and legal rights of his father and decedent, Candido Khouri, and his own legal rights, and alleges as follows:

### STATEMENT OF THE ACTION

1. Defendant police officers arrested Candido Khouri while he was clearly exhibiting severe emotional and physical distress. They failed to provide medical attention, as required by NYPD regulations, but removed him to their precinct and handcuffed him to a chair. He collapsed and suffered cardiac arrest. Medical help when it arrived failed to revive him, and he was pronounced dead on arrival at the hospital.

### JURISDICTION, VENUE

2. Jurisdiction in this Court is claimed under 42 U.S.C. §1983 and principles of pendant jurisdiction. Venue is proper because defendant City of New York is administratively located within the Southern District of New York.

1

## PARTIES

3. Plaintiff is the son of Candido Khouri, and appointed Administrator of his Estate by Surrogate Court, New York County under Certificate of Appointment #94229.

4. Plaintiff and his father were at all times relevant citizens of the state of New York.

5. Defendant police officers are employees and agents of defendant City of New York. At all times relevant they acted in their capacity as a New York City police officer, in furtherance of the City's interests, and in conformance with the usages and practices of the City of New York and the New York City Police Department.

6. Defendant City of New York is a municipal corporation. It is authorized by its charter to maintain a police department, for which it retains responsibility.

## NOTICE

7. A notice of claim as to the facts averred below was served on the Comptroller, City of New York, by certified mail on June 6, 2013, and assigned Claim no. 2013PI015293 by the Comptroller. Upon appointment of plaintiff as Administrator of the Estate, a supplemental notice of claim, alleging wrongful death, was served on the Comptroller by certified mail on August 6, 2013.

## FACTS

8. On March 28, 2013, at approximately 10pm, Candido Khouri entered the Sirena Deli on St. Nicholas Avenue in Manhattan, exhibiting signs of severe emotional and physical distress. According to employees, he attempted to pull a bolted

cash machine from its pedestal, ripped the keypad from a foodstamp machine, and tried to ram his head through locked glass doors.

9. Employees called 911.

10. When defendant officers NOA and BLATT arrived they observed Mr. KhourI, then wrestled him to the ground and cuffed him.

11. On information and belief, deli employees described Khouri's earlier conduct to the officers.

12. The officers removed Khouri to the 34th Precinct, arriving at approximately 10:30.

13. They cuffed him to a chair.

14. According to an subsequent police investigation, an ambulance was called at 10:35 and arrived at 10:43.

15. An Advanced Life Support ambulance was called at 10:55 and arrived some minutes later.

16. Khouri, however, was by then in full cardiac arrest.

17. He was pronounced dead ad NY Presbyterian Hospital at 11:36pm.

18. Throughout plaintiff's life, his father, Candido Khouri, provided love, emotional support, and financial support.

## **CAUSES OF ACTION**

19. Plaintiff incorporates by reference every fact allegation in this Complaint as if fully set forth in every Cause of Action hereunder.

### FIRST
### 42 U.S.C. §1983 DEPRIVATION OF CIVIL RIGHTS
### DELIBERATE INDIFFERENCE TO MEDICAL NEED

20. Defendant police officers knew or should have known that Khouri was suffering significant medical difficulties yet they deliberately ignored his need, violating NYPD regulations.

### SECOND:
### LIABILITY OF DEFENDANT CITY OF NEW YORK
### FOR CIVIL RIGHTS VIOLATIONS

21. The violations of decedent's civil rights by defendant officers resulted directly from policies and climate created and promulgated by City of New York and its Police Department.

### THIRD:
### WRONGFUL DEATH

22. Defendants caused khouri's death. At the time of his death Khouri could maintain all the causes of action as to himself herein claimed. He his survived by distributees who are suffering and will suffer pecuniary and personal loss caused by his death. His son, Steven Ibanz, plaintiff herein, is the court-appointed personal representative of his estate.

### FOURTH:
### CONSCIOUS PAIN AND SUFFERING

23. Khouri was conscious before his death. He experienced the physical pain of the condition that caused his death and the emotional agony of knowing or fearing he would die.

4

## FIFTH:
## NEGLIGENCE, GROSS NEGLIGENCE, RECKLESSNESS

24. Once Khouri was in the custody of defendant Police Officers they assumed a duty to protect his well-being. They had notice that he was suffering significant medical distress, yet they negligently and recklessly failed to aid him, directly causing his death.

## SIXTH:
## FAILURE TO TRAIN AND SUPERVISE

25. The misconduct of defendant police officers was a direct result of City of New York's and its police department's failure to properly train them and to supervise their activities.

## SEVENTH:
## *RESPONDEAT SUPERIOR* LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

26. The misconduct of individual defendants occurred while they were on duty and in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents, officers, servants and employees of the defendant City of New York.

WHEREFORE, plaintiff demands the following relief jointly and severally against all defendants:

A. Injunctive relief, in that this Court should compel defendant City of New York to control illegal conduct among its police officers.

5

    B.    Declaratory relief in that this Court should declare that the conduct of the defendants herein violated plaintiff's constitutional rights;

    C.    Compensatory damages;

    E.    Costs and interest and attorney's fees;

    F.    Such other and further relief as this court may deem appropriate and equitable in the interests of justice.

Dated:    New York, New York
           October 7, 2013

_____
George Wachtel [GW5921]
Law Office of Ronald L. Kuby
119 W. 23st., Suite 900
New York, NY 10011
212 529-0223
212 529-0644 fax
GWachtel@kubylaw.com

STATE OF NEW YORK    )
                                )ss.:
COUNTY OF NEW YORK  )

STEVEN IBANEZ, plaintiff herein, being duly sworn, says: I have read the above Complaint and hereby verify that it is true except as to statements identified as "on information and belief," and as to those I believe them to be true.

                                          /s/ signed in original
                                          STEVEN IBANEZ
                                          Dated: